## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

| | |
|---|---|
| NATHANIEL LEE HILLIARD EL-BEY,<br><br>      Petitioner,<br><br>V.<br><br>Captain STEPHEN D. LYNN, *et al.*,<br><br>      Respondent. | NO. 7:23-cv-00015-WLS-TQL |

## ORDER OF DISMISSAL

Petitioner Nathaniel Lee Hilliard El-Bey filed a handwritten document, which was docketed in this Court as a 28 U.S.C. § 2241 petition for a writ of habeas corpus challenging his confinement in the Irwin County Detention Center in Ocilla, Georgia. Pet. for Writ of Habeas Corpus, ECF No. 1. This petition was not, however, on the Court's § 2241 form. Moreover, Petitioner did not either pay the $5.00 filing fee for a habeas petition or move for leave to proceed in this action *in forma pauperis*.

As a result, Petitioner was ordered to recast his petition on the proper form and either pay the $5.00 filing fee or file a proper and complete motion to proceed *in forma pauperis*. Order, ECF No. 3. Petitioner was given fourteen days to complete these actions and was cautioned that his failure to fully and timely comply could result in the dismissal of this proceeding. *Id.*

More than fourteen days passed following entry of that order, and Petitioner did not take any of the ordered actions or otherwise respond to the order. Accordingly, Petitioner

was ordered to show cause to the Court why this case should not be dismissed based on his failure to comply with the prior order. Petitioner was given fourteen days to respond and was cautioned that his failure to do so would likely result in the dismissal of this case.

More than fourteen days have passed since entry of the show cause order. In that time, Petitioner has filed a statement to the Court making various assertions, such as that Petitioner is "a divine immortal soul," that he is "unconditionally sovereign," and that he is not governed by "statutes, codes, or rules." Letter, ECF No. 5. These assertions bear all the "hallmarks of the 'sovereign citizen' theory that has been consistently rejected by the federal courts as an utterly frivolous attempt to avoid the statutes, rules, and regulations that apply to *all* litigants, regardless of how they portray themselves." *Mells v. Loncon*, No. CV418-296, 2019 WL 1339618, at *2 (S.D. Ga. Feb. 27, 2019) (emphasis in original) (citing *United States v. Sterling*, 738 F.3d 228, 233 n. 1 (11th Cir. 2013)), *adopted by* 2019 WL 1338411 (S.D. Ga. Mar. 25, 2019). The statement does not set forth any basis for avoiding Petitioner's responsibility to follow court orders, including the order to recast his petition and either pay the filing fee or move for leave to proceed *in forma pauperis*. Moreover, to date, Petitioner has not filed a recast petition, paid the filing fee, or moved to proceed *in forma pauperis*.

Thus, because Petitioner has failed to submit a non-frivolous response to the Court's orders or otherwise prosecute this case, the complaint is now **DISMISSED WITHOUT PREJUDICE**. See Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing Fed. R.

2

Civ. P. 41(b) and *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978))).

**SO ORDERED**, this __23rd__ day of May 2023.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**